James D. Wood, Cal. St. Bar. No. 106936
LAW OFFICES OF JAMES D. WOOD
1300 Clay Street, Suite 600
Oakland, California 94612
Tel. (510) 292-4280
Fax (925) 283-9663
E-mail: jdw@jdwoodlaw.com

Attorney for Creditors, Dr. Bruce Rice and East Bay Head
and Neck Surgery Medical Group, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re | No. 11-70893 RLE |
| SAWHNEY PROPERTIES, LP, | (Chapter 11) |
| Debtor. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REQUIRING ABANDONMENT OF PROPERTY** |
| | [11 U.S.C. §554(b); Fed.R.Bankr.P. 6007(b)] |
| | Date: June 26, 2013 |
| | Time: 2:00 P.M. |
| | Place: Courtroom 201 |
| | 1300 Clay Street |
| | Oakland Jose, CA |
| | Judge: Hon. Roger Efremsky |

Dr. Bruce Rice ("Rice") and East Bay Head and Neck Surgery Medical Group, Inc. ("EBH&N"), creditors in this case, submit this memorandum of points and authorities in support of their MOTION FOR ORDER REQUIRING ABANDONMENT OF PROPERTY filed contemporaneously herewith.

## I. FACTS

The Debtor filed this chapter 11 case on October 12, 2011. As of the commencement of the case, the Debtor owned and rented a number of properties. James S. Lowe II ("Trustee") was approved as trustee on January 24, 2012. According to the operating reports and status reports filed by the Trustee, the Trustee has disposed of essentially all assets of the Debtor other than the two properties commonly identified as 1106 85th Ave., Oakland CA, a residential duplex property sometimes identified as 1106-11098 85th Ave. (the "85th Ave. Property") and 1440 East Shaw Ave., Fresno, CA, a commercial restaurant property (the "Shaw Ave. Property"). The Trustee continues to collect rent for each of the two remaining properties but apparently no longer conducts any other business. The Trustee has announced that he intends to seek a conversion of the case to chapter 7 rather than seek confirmation of a chapter 11 plan (Trustee's Sixth Status Conference Report of James Lowe, II, Chapter 11 Trustee, Dock. 334, Filed April 19, 2013, *passim;* and Trustee's Monthly Operating Report for April 2013, Dock. 337, filed May 23, 2013).

### A. 85th Ave. Property & Loan

EBH&N's retirement plan is a secured creditor of the Debtor holding a now-matured promissory note in the face amount of $160,000 providing for monthly interest only payments secured by a first priority deed of trust encumbering the 85th Ave. Property (the "85th Ave. Loan") (Declaration of Dr. Bruce Rice dated May 21, 2013 in Support of Motion for Abandonment filed contemporaneously with this memorandum, ¶2 ("Rice Dec.")). As of the commencement of the case, the Debtor was current on the required monthly interest-only

MEMO. IN SUP. MOT. FOR ORDER REQUIRINGG
ABANDONMENT OF PROP. 2:M:11-70893-RLE                                    -2-

Case: 11-70893    Doc# 340    Filed: 05/29/13    Entered: 05/29/13 18:42:18    Page 2 of 6

payments. In addition to an interest payment of $1,600 made on the day of the petition the Debtor made post-petition interest only payments of $1,600 for each of the three months following the petition[1]. Hence, as of the commencement of the case and as of January 2012, the balance owed on the Loan was approximately $160,000 (Rice Dec., Exhibit A which sets-forth advances, payments, and interest accrued under the 85th Ave. Loan). However, subsequent to his appointment, the Trustee made no further payments on the loan. Accordingly, the unpaid balance on the 85th Ave. Loan has grown to $186,424.11 (even without any allowance for late fees, etc.) as of May 21, 2013 (*Id.*).

The Debtor scheduled the 85th Ave. Property as having a value of $180,000 (First Amended Sched. A, Dock. 37, filed December 11, 2011). The Trustee appears to concede that there is no recoverable equity for the estate in the 85th Ave. Property (Sixth Status Conference Report of James Lowe, II, Chapter 11 Trustee, Dock. 334, Filed April 19, 2013, ¶9 at 4:3-11). However, the Trustee takes the further position that abandonment of the property or other relief to EBH&N should occur only after the Trustee and EBH&N come to an agreement regarding the disposition of rents collected and now being held by the Trustee (*Id.*). EBH&N contends such rents are cash collateral that should, at minimum, be applied to unpaid interest accrued since the commencement of the case.

B.     **Shaw Ave. Property & Loans**

The Shaw Ave. Property is encumbered by two separate loans held by Rice and EBH&N respectively which the Debtor apparently treated as a single loan in its schedules.

First, Rice is a secured creditor of the Debtor holding a promissory note (as assignee of the assignee of the original institutional lender) in the face amount of $786,000 (subject to various

---

[1] The Trustee has taken the position that the post-petition payments to Rice and EBH&N described herein were unauthorized. Rice and EBH&N assert that such payments constituted authorized ordinary course payments in respect of allowable secured claims.
11 U.S.C. §§1108; 363(c)(1).

modified terms) secured by a first priority deed of trust encumbering the Shaw Ave. Property (the "First Shaw Ave. Loan ") (Rice Dec. ¶3). As of the commencement of the case, the Debtor was current on the required monthly interest-only payments. Debtor made post-petition interest only payments of $3,513.50 for each of the months October 2011 though January 2012. As of the commencement of the case, the balance owed on the First Shaw Ave. Loan was $354,619.86 (including $1,848.20 in accrued interest) and $352,810.19 after the last payment made on January 26, 2012 (Rice Dec., Exhibit B, which sets-forth advances, payments, and interest accrued under the First Shaw Ave. Loan.). Because the Trustee made no further payments on any of the Rice or EBH&N loans, the unpaid balance on the First Shaw Ave. Loan has grown to $408,371.71 as of May 21, 2013 (*Id.*).

Second, EBH&N is a secured creditor of the Debtor holding a promissory note in the face amount of $215,000 secured by a second priority deed of trust encumbering the Shaw Ave. Property (the "Second Shaw Ave. Loan ") (Rice Dec. ¶4). As of the commencement of the case, the Debtor was current on the required monthly payments. . In addition to an interest payment of $2,610 made on the day of the petition the Debtor made post-petition interest only payments of $2,610 for each of the months November 2011 though January 2012. $1,600. As of the commencement of the case, the balance owed on the Second Shaw Ave. Loan was $265,907.53 and $266,315.11 after the last payment made on January 16, 2012 (Rice Dec., Exhibit C, which sets-forth advances, payments, and interest accrued under the Second Shaw Ave. Loan.). Because the Trustee made no further payments on any of the Rice or EBH&N loans, the unpaid balance on the Second Shaw Ave. Loan has grown to $308,446.95 as of May 21, 2013 (without any allowance for late fees, etc.) *(Id.)*.

Hence the First and Second Shaw Ave. Loans have unpaid balances as of May 21, 2013 of at least:

>     First Shaw Ave. Loan......................... $408,371.71
>     Second Shaw Ave. Loan ................... $308,446.95
>     Total Shaw Ave. Loans..................... $716,818.66

The Debtor scheduled the Shaw Ave. Property as having a value of $1,212,677.00 (First Amended Sched. A, Dock. 37, filed Dec. 11, 2011). However, the Trustee appears to concede that the Shaw Ave. Property is substantially less valuable than the scheduled price and that there is no recoverable equity for the estate (Sixth Status Conference Report of James Lowe, II, Chapter 11 Trustee, Dock. 334, Filed April 19, 2013, ¶9 at 4:3-11). However, as is the case with respect to the 85th Ave. Property, the Trustee takes the further position that abandonment of the Shaw Property or other relief to Rice and EBH&N should occur only after the Trustee on the one hand and EBH&N and Rice on the other hand come to an agreement regarding the disposition of rents collected and now being held by the Trustee (*Id.*). As noted above, both Rice and EBH&N contend such rents are cash collateral that should at minimum be applied to unpaid interest accrued since the commencement of the case.

## II. RELIEF REQUESTED

Rice and EBH&N request the Court to order the Trustee to abandon the 85th St. Property and the Shaw Property[2].

## III. ARGUMENT

### The Court Should Order the Abandonment of the Properties

This motion is premised upon the principle that whether the estate should continue to administer the two remaining properties should not be linked to resolution of the disagreement

---

[2] Neither Rice nor EBH&N have to date sought relief from the automatic stay believing abandonment to be more appropriate in this case particularly in view of the Trustee's stated intentions  However both reserve the right to request such relief if necessary.

between the Trustee on the one hand and Rice and EBH&N on other as to whether rents collected to date and held by the Trustee are cash collateral. Rather the issue of continued administration of the two properties by the estate in this case -- which has been pending under chapter 11 for more than 19 months -- should be based upon whether doing so is likely to contribute to a recovery by unsecured creditors.

Bankruptcy Code §554(b) states:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

Fed.R.Bankr.P. 6007(b) states:

> A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate.

In this case there is no prospect that either of the remaining properties will contribute to a recovery for unsecured creditors. In such case an order for abandonment is appropriate. See *Carey v. Pauline (In re Pauline)*, 119 B.R. 727, 728 (9th Cir. BAP 1990) *citing and quoting, In re Paolella*, 79 B.R. 607, 609 (Bankr. E.D. Pa. 1987) ("The principle of abandonment was developed . . . . to protect the bankruptcy estate from the various costs and burdens of having to administer property which could not conceivably benefit unsecured creditors of the estate.")

## IV. CONCLUSIONS

Rice and EBH&N respectfully request that the Court order the abandonment of the two remaining properties.

Respectfully submitted,

Dated: May 29, 2013

/s/ James D. Wood
James D. Wood
Attorney for Creditors Dr. Bruce Rice and East Bay Head and Neck Surgery Medical Group, Inc.